COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     BP Automotive LP d/b/a Bossier Dodge v. RML Waxahachie Dodge,
                         LLC, RLJ-McLarty_Landers Automotive Holdings, LLC, RmL
                         Waxahachie Ford, LLC, RML Waxahachie GMC, LLC

Appellate case number:   01-12-00085-CV

Trial court case number: 10030B

Trial court:             87th District Court of Freestone County

The record in the above-referenced appeal was due to be filed in this Court[1] by January 20, 2012. *See* TEX. R. APP. P. 35.1. The clerk's record has been filed. The reporter's record has not been filed.

On March 7, 2012, the Court notified the court reporter, Helen Wooten, that the reporter's record had not been received for filing and directed that the record be filed no later than March 27, 2012. *See* TEX. R. APP. P. 35.1, 37.3(a)(1). The Court directed the reporter to notify the Court by that date if the proceedings were not recorded, if the appellant had not requested that the reporter's record be prepared, or if the appellant had not paid or made satisfactory arrangements to pay the fee to prepare the record. *See* TEX. R. APP. P. 35.3(b)(2).

When the court reporter failed to either file the record or respond as directed, the Court, on October 19, 2012, ordered the court reporter to respond within 10 days or the Court would order the trial court to conduct a hearing to determine the reason for the failure to file the record. The reporter did not respond.

The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* TEX. R. APP. P. 35.3(c). It is the duty of the trial court to ensure that its reporter's work is timely accomplished by setting work priorities. TEX. R. APP. P. 13.3. Because the reporter's record has not been filed timely as ordered, **we issue the following order**:

We direct the judge of the 87th District Court of Freestone County to conduct a hearing, at which court reporter Helen Wooten, appellant's counsel, and appellee's counsel shall

---

[1]     Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal to this court. *See* Misc. Docket No. 12–9008 (Tex. Jan. 10, 2012); *see also* TEX. GOV'T CODE ANN. § 73.001 (West 2005) (authorizing transfer of cases).

participate, to (a) determine the reason for the failure to file the reporter's record, (b) establish a date certain when the reporter's record will be filed, and (c) make findings as to whether the court reporter should be held in contempt of court for failing to timely file the reporter's record as ordered.

We **order** the trial court to prepare a record, in the form of a reporter's record, of the hearing. The trial court shall make findings of fact and conclusions of law, and shall order the trial court clerk to forward to this Court a supplemental clerk's record containing the findings and conclusions. The hearing record and supplemental clerk's record shall be filed with the clerk of this court **within 30 days of the date of this order**.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. If the court reporter files the record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.

It is so ORDERED.

Judge's signature: /s/ Sherry Radack
       ☑ Acting individually    ☐ Acting for the Court

Date: March 20, 2013